TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

DANIEL LUECKE (CA Bar No. 326695)
Trial Attorney
Natural Resources Section
United States Department of Justice
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
(202) 598-7863
daniel.luecke@usdoj.gov

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT and the CENTER FOR BIOLOGICAL DIVERSITY,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>U.S. DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT, JARED BYBEE in his official capacity as Field Manager of the Bureau of Land Management Bristlecone Field Office, and ALICIA STYLES, in her official capacity as Acting Field Manager of the Bureau of Land Management Caliente Field Office,[1]<br><br>　　　　　　Defendants. | Case No. 2:23-cv-435-CDS-DJA<br><br>**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** |

　　　　The United States Department of the Interior ("Interior"), United States Bureau of Land Management ("BLM"), Jared Bybee, in his official capacity as Field Manager of the BLM Bristlecone Field Office, and Alicia Styles, in her official capacity as Acting Field Manager of the BLM Caliente Field Office, (collectively, "Federal Defendants"), hereby state the following

---

[1] By operation of Fed. R. Civ. P. 25(d), Alicia Styles is automatically substituted for former Field Manager Shirley Johnson as a defendant.

in response to Plaintiffs' Complaint. All allegations in the corresponding numbered paragraphs of this Answer are in response to the allegations in the corresponding numbered paragraphs and sections of the Complaint.  Any allegations not expressly admitted, denied, or qualified are denied.

## INTRODUCTION

1.     Federal Defendants admit that Plaintiffs have filed an action challenging the South Spring Valley and Hamlin Valley Watershed Restoration Plan Decision Record (DR) and associated Final Environmental Assessment ("EA") and Finding of No Significant Impact (FONSI) under the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4332, the Federal Land Policy and Management Act ("FLPMA"), 43 U.S.C. § 1701-1787, and the Administrative Procedure Act (""), 5 U.S.C. § 706. Federal Defendants also admit that Bristlecone Field Office Manager Jared Bybee and former Caliente Field Office Manager Shirley Johnson signed the DR on September 28, 2022.  Federal Defendants deny any violation of law.

2.     Federal Defendants admit the allegations in the first through fourth sentences of Paragraph 2.  Federal Defendants admit that the South Spring and Hamlin Valleys contain pinyon and juniper trees, including swamp cedars, but deny the remaining allegations in the fifth sentence of Paragraph 2.

3.     Federal Defendants deny the allegations in the first sentence of Paragraph 3. Federal Defendants admit that the DR authorizes treatment methods including the use of dixie harrow and roller chopper, mowing, chaining, mastication, hand treatment, prescribed fire, and chemical treatments, as described in the EA.  Federal Defendants deny the remaining allegations in Paragraph 3 insofar as they are inconsistent with the description of the above-referenced treatment methods contained in the EA, which speaks for itself and is the best evidence of its contents.

4.     The allegations in Paragraph 4 purport to characterize the EA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA.

5.      The allegations in the first sentence of Paragraph 5 purport to characterize the EA and DR, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA and DR.  Federal Defendants deny the allegations in the second sentence of Paragraph 5.

6.      The allegations in the first through fifth sentences of Paragraph 6 purport to characterize FLPMA, the Ely Resource Management Plan ("Ely RMP"), and the EA, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of FLPMA, the Ely RMP, and the EA.  Federal Defendants deny the allegations in the sixth sentence of Paragraph 6.

7.      The allegations in Paragraph 7 are a characterization of Plaintiffs' action to which no response is required.  To the extent any response is required, Federal Defendants deny the allegations in this paragraph and deny that Plaintiffs are entitled to any relief.

## JURISDICTION AND VENUE

8.      The allegations in the first, second, and fourth sentences of Paragraph 8 are conclusions of law that require no response.  Federal Defendants deny the allegations in the third sentence of Paragraph 8.

9.      The allegations in Paragraph 9 are conclusions of law that require no response.  To the extent a response is required, Federal Defendants admit that venue is proper in this Court.

10.     The allegations in Paragraph 10 are conclusions of law that require no response.  To the extent a response is required, Federal Defendants admit that venue is proper in this Court.

11.     Federal Defendants deny the allegations in the first sentence of Paragraph 11.  Federal Defendants admit the allegations in second sentence of Paragraph 11.  The allegations in the third sentence of Paragraph 11 constitute conclusions of law that require no response.  To the extent a response is required, Federal Defendants deny the allegations in the third sentence of Paragraph 11.

1

**PARTIES**

2      12.      Federal Defendants lack information and knowledge sufficient to form a

3 belief as to the truth of the allegations in Paragraph 12 and deny them on that basis.

4      13.      Federal Defendants lack information and knowledge sufficient to form a

5 belief as to the truth of the allegations in Paragraph 13 and deny them on that basis.

6      14.      Federal Defendants lack information and knowledge sufficient to form a

7 belief as to the truth of the allegations in Paragraph 14 and deny them on that basis.

8      15.      Federal Defendants lack information and knowledge sufficient to form a

9 belief as to the truth of the allegations in Paragraph 15 and deny them on that basis.

10      16.      Federal Defendants lack information and knowledge sufficient to form a

11 belief as to the truth of the allegations in Paragraph 16 and deny them on that basis.

12      17.      Federal Defendants lack information and knowledge sufficient to form a

13 belief as to the truth of the allegations in the first, second, third, and fifth sentences of

14 Paragraph 17 and deny them on that basis. Regarding the allegations in the fourth sentence of

15 Paragraph 17, Federal Defendants admit that the *Bahsawahbee* sacred site is located in Spring

16 Valley and is the site of three massacres of Western Shoshone people by the U.S. military but

17 deny that it contains Utah juniper.

18      18.      Federal Defendants lack information and knowledge sufficient to form a

19 belief as to the truth of the allegations in Paragraph 18 and deny them on that basis.

20      19.      Federal Defendants deny that BLM has failed to appropriately manage

21 livestock.  Federal Defendants lack information and knowledge sufficient to form a belief as to

22 the truth of the remaining allegations in Paragraph 19 and deny them on that basis.

23      20.      Federal Defendants deny that the *Bahsawahbee* sacred site is within the

24 Project area. Federal Defendants lack information and knowledge sufficient to form a belief as to

25 the truth of the remaining allegations in Paragraph 20 and deny them on that basis.

26      21.      Federal Defendants deny the allegations in Paragraph 21.

27      22.      Federal Defendants deny the allegations in Paragraph 22.

23.     Federal Defendants admit the allegations in Paragraph 23.

24.     Federal Defendants admit the allegations in Paragraph 24.

25.     Federal Defendants admit the allegations in Paragraph 25.

26.     Regarding the allegations in Paragraph 26, Federal Defendants admit that Shirley Johnson was the Field Manager of the BLM Caliente Field Office at the time the DR was issued, but aver that Ms. Johnson is no longer employed by BLM.

## LEGAL BACKGROUND

27.     The allegations in Paragraph 27 purport to characterize the National Environmental Policy Act ("NEPA") and its regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and regulations.

28.     The allegations in Paragraph 28 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

29.     The allegations in the first, second, third, and fifth sentences of Paragraph 29 purport to characterize NEPA and its regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and regulations.  Federal Defendants admit the allegations in the fourth sentence of Paragraph 29.

30.     The allegations in Paragraph 30 purport to characterize NEPA, and its regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and regulations.

31.     The allegations in Paragraph 31 purport to characterize NEPA's regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the regulations.

32.     The allegations in Paragraph 32 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.  The allegations in Paragraph 32 also state legal conclusions, which do not require a response.

33.     The allegations in Paragraph 33 purport to characterize NEPA and its regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and regulations.

34.     The allegations in Paragraph 34 purport to characterize NEPA and its regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and regulations.

35.     The allegations in Paragraph 35 purport to characterize the Federal Land Policy and Management Act ("FLPMA"), which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

36.     The allegations in Paragraph 36 purport to characterize the provisions of FLPMA and its regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute and regulations.

37.     Federal Defendants admit the allegations in the first sentence of Paragraph 37. The remaining allegations in Paragraph 37 purport to characterize the Ely RMP, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Ely RMP.

38.     The allegations in Paragraph 38 purport to characterize the APA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the APA.

39.     The allegations in Paragraph 39 purport to characterize the APA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the APA.

40.     The allegations in Paragraph 40 purport to characterize the APA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the APA.  The allegations in Paragraph 40 also state legal conclusions, which do not require a response.

## FACTUAL ALLEGATIONS

41.     Federal Defendants deny the allegations in the first and third through sixth sentences of Paragraph 41.  The term "current federal policy" in the second sentence of Paragraph 41 is vague and lacks the necessary context for Federal Defendants to form a belief as to the truth of the allegations in this sentence, and therefore they are denied.

42.     Federal Defendants admit the allegations in Paragraph 42.

43.     Federal Defendants admit the allegations in the first through fourth sentences of Paragraph 43.  Federal Defendants deny the allegations in the fifth sentence of Paragraph 43.

44.     Federal Defendants admit the allegations in Paragraph 44.

45.     The allegations in Paragraph 45 purport to characterize findings made by the U.S. Fish and Wildlife Service ("FWS") in 2010, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the FWS findings.

46.     The allegations in Paragraph 46 purport to characterize findings made by the FWS, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the FWS findings.

47.     The allegations in the first and second sentences of Paragraph 47 purport to characterize findings made by the FWS, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language,

meaning, and context of the FWS findings.  The allegations in the third sentence of Paragraph 47 are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied.  Federal Defendants admit the allegations in the fourth through sixth sentences of Paragraph 47.

48.     The allegations in Paragraph 48 purport to characterize findings made by the FWS, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the FWS findings.

49.     The allegations in Paragraph 49 purport to characterize findings made by the FWS, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the FWS findings.

50.     The allegations in Paragraph 50 purport to characterize findings made by the FWS, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the FWS findings.

51.     The allegations in Paragraph 51 purport to characterize findings made by the FWS, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the FWS findings.

52.     The allegations in Paragraph 52 are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied.

53.     The allegations in Paragraph 53 are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied.

54.     The allegations in Paragraph 54 purport to characterize findings made by the FWS, which speak for themselves and are the best evidence of their contents. Federal Defendants

deny any allegations inconsistent with the plain language, meaning, and context of the FWS findings.

55.     The allegations in the first, seventh, and eighth sentences of Paragraph 55 are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied.  Federal Defendants admit the second through sixth sentences of Paragraph 55.

56.     Federal Defendants admit the allegations in the first sentence of Paragraph 56. The remaining allegations in Paragraph 56 purport to characterize a listing petition for the pygmy rabbit, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the listing petition.

57.     The allegations in Paragraph 57 are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied.  Federal Defendants aver that pinyon and juniper forests provide habitat for elk, mule deer, and wild turkey.

58.     The allegations in the first sentence of Paragraph 58 are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied.  Federal Defendants admit the allegations in the second sentence of Paragraph 58.

59.     Federal Defendants admit the allegations in Paragraph 59.

60.     The allegations in the first, third, and fourth sentences of Paragraph 60 are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied.  Federal Defendants admit the allegations in the second sentence of Paragraph 60.

61.     The allegations in Paragraph 61 purport to characterize the International Union for the Conservation of Nature ("IUCN") assessment on pinyon jays, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the IUCN assessment.

62.     The allegations in Paragraph 62 are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied.  Federal Defendants aver that climate change has been found to impact pinyon-juniper ecosystems.

63.     The allegations in the first through fifth sentences of Paragraph 63 are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied.  Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the sixth and seventh sentences of Paragraph 63 and deny them on that basis.

64.     The allegations in the first through third sentences of Paragraph 64 are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied.  The allegations in the fourth sentence of Paragraph 64 purport to characterize the EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA.

65.     The allegations in the first, third, and fourth sentences of Paragraph 65 are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied.  The allegations in the second sentence of Paragraph 65 purport to characterize findings made by the FWS in 2015, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the FWS findings.

66.     The allegations in the first and third sentences of Paragraph 66 are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied.  The allegations in the second sentence of Paragraph 66 purport to characterize a specific scientific paper, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the paper.

67.     Federal Defendants admit the allegations in the first, third, and fourth sentences of Paragraph 67.  The allegations in the second sentence of Paragraph 67 are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied.

68.     The allegations in Paragraph 68 are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied.

69.     The allegations in Paragraph 69 are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied.

70.     Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 70 and deny them on that basis.

71.     Federal Defendants admit the allegations in the first through fourth sentences of Paragraph 71.  Regarding the fifth sentence of Paragraph 71, the allegations are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied.

72.     Federal Defendants admit the allegations in Paragraph 72.

73.     Federal Defendants deny that one third of the Ely District is within the Mojave region.  Federal Defendants admit the remaining allegations in Paragraph 73.  Federal Defendants aver that the Ely District still supports abundant sage-grouse populations and there are still significant pinyon-juniper woodlands.

74.     Federal Defendants deny the allegations in Paragraph 74.

75.     Federal Defendants admit the allegations in Paragraph 75.  Federal Defendants aver that, prior to adopting the Ely RMP, the Ely District operated under the Schell Management Framework Plan, the Egan Resource Management Plan, and the Caliente Framework Plan; consequently, the Ely RMP was not a revised RMP.

76.     The allegations in Paragraph 76 purport to characterize the 2018 Ely RMP Record of Decision ("ROD"), which speaks for itself and is the best evidence of its contents.

Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ROD.

77.     The allegations in Paragraph 77 purport to characterize the Ely RMP Environmental Impact Statement ("EIS"), which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EIS.

78.     The allegations in Paragraph 78 purport to characterize the Ely RMP EIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EIS.

79.     The allegations in Paragraph 79 purport to characterize the Ely RMP EIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EIS.

80.     The allegations in Paragraph 80 purport to characterize the Ely RMP EIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EIS.

81.     The allegations in Paragraph 81 purport to characterize the Ely RMP EIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EIS.

82.     The allegations in Paragraph 82 purport to characterize the 2008 Ely RMP, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the RMP.

83.     The allegations in Paragraph 83 purport to characterize the 2008 Ely RMP and EIS, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the RMP and EIS.

84.     The allegations in Paragraph 84 purport to characterize the Ely RMP EIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EIS.

85.     Federal Defendants admit the allegations in Paragraph 85.

86.     Federal Defendants admit the allegations in the first sentence of Paragraph 86.  The allegations in the second, third, and fourth sentences of Paragraph 86 purport to characterize a National Technical Team ("NTT") report entitled "A Report on National Greater Sage-Grouse Conservation Measures" ("NTT Report"), which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the NTT Report.  The allegations in the fifth sentence of Paragraph 86 purport to characterize a federal district court opinion, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the opinion.

87.     The allegations in Paragraph 87 purport to characterize the NTT Report, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the NTT Report.

88.     The allegations in Paragraph 88 purport to characterize the March 2013 Conservation Objectives Team ("COT") Report, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the COT Report.

89.     The allegations in Paragraph 89 purport to characterize the March 2013 COT Report, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the COT Report.

90.     The allegations in Paragraph 90 purport to characterize the COT Report, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the COT Report.

91.     Federal Defendants admit the allegations in the first sentence of Paragraph 91.  The allegations in the second and third sentences of Paragraph 91 purport to characterize the BLM's 2015 Approved Resource Management Plan Amendments ("ARMPAs") and the Record of Decision that approved them ("ARMPA ROD"), which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ARMPAs and the ARMPA ROD.

92.     The allegations in Paragraph 92 purport to characterize the ARMPAs and the ARMPA ROD, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ARMPAs and the ARMPA ROD.

93.     The allegations in Paragraph 93 purport to characterize the ARMPAs, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ARMPAs.

94.     The allegations in Paragraph 94 purport to characterize the Nevada and Northeastern California ARMPA ("Nevada ARMPA"), which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Nevada ARMPA.

95.     The allegations in Paragraph 95 purport to characterize the ARMPAs, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ARMPAs.

96.     The allegations in Paragraph 96 purport to characterize the ARMPAs, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ARMPAs.

97.     The allegations in Paragraph 97 purport to characterize the ARMPAs and the ARMPA ROD, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ARMPAs and the ARMPA ROD.

98.     The allegations in Paragraph 98 purport to characterize the ARMPAs and ARMPA EIS, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ARMPAs and ARMPA EIS.

99.     The allegations in Paragraph 99 purport to characterize the ARMPAs and ARMPA EIS, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ARMPAs and ARMPA EIS.

100.    The allegations in Paragraph 100 purport to characterize the ARMPAs and the ARMPA ROD, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the ARMPAs and the ARMPA ROD.

101.    The allegations in Paragraph 101 purport to characterize 2015 findings of the FWS, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the FWS's findings.

102.    Federal Defendants admit the allegations in Paragraph 102.

103.    Federal Defendants admit the allegations in the first and second sentences of Paragraph 103. The allegations in the third, fourth, and fifth sentences of Paragraph 103 purport to characterize the Fuel Breaks in the Great Basin Programmatic Environmental Impact Statement ("PEIS") and the Fuels Reduction and Rangeland Restoration in the Great Basin PEIS, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of those two documents.

104.    Federal Defendants admit that the Project authorizes various vegetation removal methods, including chaining, mowing, harrowing, and prescribed fire, but avers that only an average of 32 percent of the 384,414 acres (123,969 acres) of the area is targeted for

treatment, equating to an estimated 19 percent of the total 637,140- acre watersheds being targeted for treatment over the life of the Plan. Federal Defendants deny the remaining allegations in the first sentence of Paragraph 104. Federal Defendants admit the allegations in the second through fifth sentences of Paragraph 104. The allegations in the sixth sentence of Paragraph 104 are vague as to the meaning of the Project "entirely surround[ing]" the *Bahsawahbee* sacred site and therefore lack the necessary context for Federal Defendants to form a belief as to their truth and are therefore denied.

105.    Federal Defendants admit the allegations in the first through fourth sentences of Paragraph 105. The allegations in the fifth sentence of Paragraph 105 purport to characterize the public comment letters on the EA, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of those letters.

106.    Federal Defendants admit the allegations in the first sentence of Paragraph 106. Federal Defendants admit that the BLM mailed a copy of the DR, EA, and FONSI by certified U.S. Mail to Plaintiffs, which BLM's records show was received by a representative of each Plaintiff on October 5, 2022, but deny the remaining allegations in the second and third sentences of Paragraph 106.

107.    Federal Defendants admit that the Project authorizes various vegetation removal methods, including chaining, mechanical removal, and mowing, but aver that only an average of 32 percent of the 384,414 acres (123,969 acres) of the area is targeted for treatment, equating to an estimated 19 percent of the total 637,140- acre watersheds being targeted for treatment over the life of the Plan. Federal Defendants deny the remaining allegations in Paragraph 107.

108.    The allegations in Paragraph 108 purport to characterize the EA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA.

109.     The allegations in Paragraph 109 purport to characterize the EA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA.

110.     The allegations in Paragraph 110 purport to characterize the EA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA.

111.     The allegations in Paragraph 111 purport to characterize the EA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA.

112.     The allegations in Paragraph 112 purport to characterize the EA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA.

113.     The allegations in Paragraph 113 purport to characterize the EA and DR, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA and DR.

114.     The allegations in Paragraph 114 purport to characterize the EA and DR, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA and DR.

115.     The allegations in the first through third sentences of Paragraph 115 purport to characterize the EA and FONSI, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA and FONSI.  Federal Defendants deny the allegations in the fourth sentence of Paragraph 115.

116.     The allegations in Paragraph 116 purport to characterize the EA and supporting documents, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA and supporting documents.

117.    The allegations in Paragraph 117 purport to characterize the EA and supporting documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA and supporting documents.

118.    The allegations in Paragraph 118 purport to characterize the EA and supporting documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA and supporting documents.

119.    The allegations in Paragraph 119 purport to characterize the EA and supporting documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA and supporting documents.

120.    The allegations in Paragraph 120 purport to characterize the EA and supporting documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA and supporting documents.

121.    The allegations in Paragraph 121 purport to characterize the provisions of the EA and supporting documents, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA and supporting documents.

122.    Federal Defendants deny the allegations in Paragraph 122.

123.    The allegations in the first and second sentences of Paragraph 123 purport to characterize the EA and the Ely RMP, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA and Ely RMP.  Federal Defendants deny the allegations in the third sentence of Paragraph 123.

124.    The allegations in the first through sixth sentences of Paragraph 124 purport to characterize the EA and Ely RMP, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA and Ely RMP.  The allegations in the seventh sentence of Paragraph 124 are legal conclusions to which no response is required.  To the extent any response is required, Federal Defendants deny the allegations.

125.    The allegations in Paragraph 125 purport to characterize the EA and supporting documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA and supporting documents.

126.    The allegations in Paragraph 126 purport to characterize the EA and supporting documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA and supporting documents.

127.    The allegations in the first, fourth, and fifth sentences of Paragraph 127 purport to characterize the EA and supporting documents, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA and supporting documents.  The allegations in the second and third sentences of Paragraph 127 are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied.

128.    The allegations in the first, fourth, and fifth sentences and the third clause of the third sentence of Paragraph 128 purport to characterize the EA and supporting documents, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA and supporting documents.  The allegations in the second sentence and the first and second clauses the third sentence of Paragraph 128 are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied.

129.     The allegations in the first, second, and fourth sentences of Paragraph 129 purport to characterize FLPMA, the Ely RMP, and the EA and its supporting documents, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of FLPMA, the Ely RMP, and the EA and its supporting documents.  Federal Defendants deny the remaining allegations in Paragraph 129.

130.     Federal Defendants deny the allegations in the first and second sentences of Paragraph 130.   The allegations in the third, fifth, and sixth sentences of Paragraph 130 purport to characterize the provisions of the EA and supporting documents, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA and supporting documents.  The allegations in the fourth sentence of the Paragraph 130 are vague and lack the necessary context for Defendants to form a belief as to their truth, and therefore they are denied.

131.     Federal Defendants deny the allegations in the first sentence of Paragraph 131.  The allegations in the second and third sentences purport to characterize the EA and supporting documents, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA and supporting documents.

132.     The allegations in the first through third and fifth through seventh sentences of Paragraph 132 purport to characterize the EA and supporting documents, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA and supporting documents. The allegations in the fourth sentence of Paragraph 132 are vague and lack the necessary context for Federal Defendants to form a belief as to their truth, and therefore they are denied.

133.     The allegations in Paragraph 133 purport to characterize the EA and supporting documents, which speak for themselves and are the best evidence of their contents.

1   Federal Defendants deny any allegations inconsistent with the plain language, meaning, and

2   context of the EA and supporting documents.

3       134.    Federal Defendants admit that the BLM has represented that Fall 2023 would

4   be the earliest that any potential action under the Plan would be implemented, but deny the

5   remaining allegations in Paragraph 134.

6                           **FIRST CLAIM FOR RELIEF**

7       135.    Federal Defendants hereby incorporate their responses to all preceding

8   paragraphs set forth above.

9       136.    The allegations in Paragraph 136 purport to characterize NEPA and its

10  regulations, which speak for themselves and are the best evidence of their contents.  Federal

11  Defendants deny any allegations inconsistent with the plain language, meaning, and context of

12  NEPA and its regulations.

13      137.    The allegations in the first and second sentences of Paragraph 137 purport to

14  characterize the EA and supporting documents, which speak for themselves and are the best

15  evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain

16  language, meaning, and context of the EA and supporting documents.  Federal Defendants deny

17  the allegations in the third sentence of Paragraph 137.

18      138.    Federal Defendants deny the allegations in Paragraph 138.

19      139.    Federal Defendants deny the allegations in Paragraph 139.

20                          **SECOND CLAIM FOR RELIEF**

21      140.    Federal Defendants hereby incorporate their responses to all preceding

22  paragraphs set forth above.

23      141.    The allegations in Paragraph 141 purport to characterize FLPMA, which

24  speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations

25  inconsistent with the plain language, meaning, and context of FLPMA.

26      142.    The allegations in Paragraph 142 purport to characterize the 2015 ARMPA

27  and 2008 Ely RMP, which speak for themselves and are the best evidence of their contents.

Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the 2015 ARMPA and 2008 Ely RMP.

143.    Federal Defendants deny the allegations in the first sentence of Paragraph 143.  The allegations in the second, third, and fourth sentences of Paragraph 142 purport to characterize the EA, FONSI, and DR, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the EA, FONSI, and DR.

144.    Federal Defendants deny the allegations in Paragraph 144.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint constitutes Plaintiffs' request for relief, to which no response is required.  To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief sought or any form of relief.

## GENERAL DENIAL

Federal Defendants deny any allegations of the Amended Complaint, whether express or implied, not specifically admitted, denied, or qualified herein.

## DEFENSES

1.    Plaintiffs fail to state a claim upon which relief may be granted.

2.    Plaintiffs have failed to exhaust administrative remedies for some or all of their claims.

3.    Plaintiffs lack standing for some or all of their claims.


WHEREFORE, Federal Defendants respectfully pray that this Court deny in all respects Plaintiffs' Prayer for Relief, dismiss Plaintiffs' Complaint, enter judgment for Federal Defendants, and grant to Federal Defendants such other relief as may be appropriate.

Respectfully submitted this 2nd day of June 2023.

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Div.


*/s/ Daniel Luecke*
DANIEL LUECKE (CA Bar No. 326695)
Trial Attorney
Natural Resources Section
United States Department of Justice
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
(202) 598-7863
daniel.luecke@usdoj.gov